UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| SARKIS KOUYOUMDJIAN,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>E. VALENZUELA, Warden,<br><br>　　　　　Respondent. | No. CV 14-01459-DMG (DFM)<br><br>ORDER TO SHOW CAUSE |

　　　　On or about February 19, 2014, Petitioner Sarkis Kouyoumdjian ("Petitioner") constructively filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition"). The Petition appears to be directed to a conviction sustained by Petitioner on March 4, 1996, in Los Angeles Superior Court, for which Petitioner was sentenced to 25 years to life in state prison. Petition at 2. Petitioner alleges that his trial and appellate counsel were ineffective. Id. at 5.

　　　　Because this action was filed after the President signed into law the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA") on April 24, 1996, it is subject to the AEDPA's one-year limitation period, as set forth at 28 U.S.C. § 2244(d).  See Calderon v. U.S. Dist. Ct. (Beeler), 128 F.3d

1283, 1287 n.3 (9th Cir. 1997), overruled in part on other grounds by <u>Calderon v. U.S. Dist. Ct. (Kelly)</u>, 163 F.3d 530 (9th Cir. 1998) (en banc). 28 U.S.C. § 2244(d) provides:

>  (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
>  (A) the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review;
>
>  (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>  (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>  (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

In his Petition, Petitioner lists a Petition for Review to the California Supreme Court with Case Number S193790. <u>See</u> Petition at 3 (¶ 4.a.). From the Court's review of the state appellate courts' website (http://appellatecases.courtinfo.ca.gov/index.html) shows that Case Number S193790 is in fact a state habeas petition, not a petition for review. The only record on the state courts' website of a direct appeal is Petitioner's direct appeal to the California Court of Appeal, Case No. B101936, which Petitioner

identifies in his Petition. See Petition at 2. The Court of Appeal's decision in that matter was filed on February 21, 1997. See id. at 3.

Under California law, Petitioner's conviction thus became final on April 2, 1997, 40 days after the California Court of Appeal filed its opinion. See Smith v. Duncan, 297 F.3d 809, 813 (9th Cir. 2002). Thus, if measured from "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review," Petitioner's last day to file his federal habeas petition was April 3, 1997. See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001); Beeler, 128 F.3d at 1287-88.

From the face of the Petition, it does not appear that Petitioner has any basis for contending that he is entitled to a later trigger date under § 2244(d)(1)(B). Nor does it appear that Petitioner has any basis for contending that he is entitled to a later trigger date under § 2244(d)(1)(C) because neither of the claims alleged in the Petition appears to be based on a federal constitutional right that was initially recognized by the United States Supreme Court subsequent to the date his conviction became final and that has been made retroactively applicable to cases on collateral review. Finally, it does not appear that Petitioner has any basis for contending that he is entitled to a later trigger date under § 2244(d)(1)(D) since it appears from the face of the Petition that Petitioner was aware of the factual predicate of his claims as of the time when his convictions were affirmed on direct appeal. See Hasan v. Galaza, 254 F.3d 1150, 1154 n.3 (9th Cir. 2001) (statute of limitations begins to run when a prisoner "knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal significance").

Thus, unless a basis for tolling the statute existed, Petitioner's last day to file his federal habeas petition was April 3, 1997, or almost 17 years ago. See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001). No basis for statutory tolling under § 2244(d)(2) appears to exist here. The only state

collateral challenges filed by Petitioner subsequent to the date his judgment of conviction became final are habeas petitions that Petitioner filed in turn with the California Court of Appeal and the California Supreme Court in 2011. It does not appear to the Court that Petitioner would not be entitled to any statutory tolling for any of those state habeas petitions because they were not filed until 2011, which was over a decade after Petitioner's federal filing deadline already had lapsed. See, e.g., Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) (holding that § 2244(d) "does not permit the reinitiation of the limitations period that has ended before the state petition was filed," even if the state petition was timely filed); Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001); Wixom v. Washington, 264 F.3d 894, 898-99 (9th Cir. 2001). Moreover, the California Supreme Court denied Petitioner's state habeas petition in 2011, yet Petitioner did not file this federal habeas action for more than two years.

The Supreme Court has held that the AEDPA's one-year limitation period also is subject to equitable tolling in appropriate cases. See Holland v. Florida, 560 U.S. 605, 130 S. Ct. 2548, 2560 (2010). However, a habeas petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently; and (2) that "some extraordinary circumstance stood in his way." See Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); see also Holland, 130 S. Ct. at 2562. Here, although Petitioner attempts to show why he did not file his federal habeas petition earlier, his showing does not show either that he pursued his rights diligently or that extraordinary circumstances stood in his way.

The Ninth Circuit has held that the district court has the authority to raise the statute of limitations issue sua sponte when untimeliness is obvious on the face of the petition and to summarily dismiss a petition on that ground pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United

States District Courts, so long as the court "provides the petitioner with adequate notice and an opportunity to respond." See <u>Nardi v. Stewart</u>, 354 F.3d 1134, 1141 (9th Cir. 2004); <u>Herbst v. Cook</u>, 260 F.3d 1039, 1042-43 (9th Cir. 2001).

IT THEREFORE IS ORDERED that, on or before April 7, 2014, Petitioner show cause in writing, if any he has, why the Court should not recommend that this action be dismissed with prejudice on the ground of untimeliness.

Dated: March 5, 2014

_____
DOUGLAS F. McCORMICK
United States Magistrate Judge

5